RECEIVED
USDC, WESTERN DISTRICT OF L
TONY R. MOORE, CLERK
6/26/15
yr

c

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

MARCIA OLSON, ET AL.        DOCKET NO. 14-cv-3464

VERSUS
                            JUDGE DEE D. DRELL
BIOSONIX, LLC               MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the court is a motion to dismiss plaintiffs' complaint for declaratory, ancillary and supplemental relief.

FACTS

On December 17, 2014, Marcia Olson, Norman Olson and NOSLO, LLC, a Utah limited liability company represented by its Manager, Ingrid Chase Olson, filed suit against Biosonix, LLC and William H. Lewis. (Doc. 1). In the complaint, plaintiffs' requested this court declare the default judgment entered by the 95th Judicial District Court, Dallas County, State of Texas on May 27, 2013 against Marcia Olson ("Olson") for damages in excess of $5,000,000 null and void. (Doc. 1-2). Plaintiffs argued the declaratory relief should be granted because the State of Texas lacked personal jurisdiction over Olson; thus, it violated her due process rights by entering the judgment against her. In support of their request, plaintiffs provided a copy of the ruling and order issued by the 9th Judicial District Court, Parish of Rapides, State of Louisiana on October 29, 2014, denying full faith and credit to the Texas state-court judgment and ordering it cancelled from the Rapides Parish mortgage records. (Doc. 1-4). Plaintiffs also asserted state law claims for

malicious prosecution, defamation, denial of due process, conspiracy to deny due process, trespass on title and conversion.

Defendants filed their motion to dismiss on April 27, 2015 arguing this court lacked jurisdiction and plaintiffs failed to set forth state law claims upon which relief could be granted. (Doc. 7). Plaintiffs filed their opposition on June 10, 2015 (Doc. 11). Accordingly, as the matter is ripe for consideration and report and recommendation.

<u>LAW AND ANALYSIS</u>

Defendants contend jurisdiction does not and cannot exist as the relief sought is barred under the Rooker-Feldman doctrine.[1] Additionally, they argue the Declaratory Judgment Act does not provide an independent basis for jurisdiction and plaintiffs fail to identify an underlying cause of action which would support subject matter jurisdiction.

Plaintiffs argue the Rooker-Feldman doctrine is inapplicable as they have raised a federal question by claiming Olson's due process rights were violated. Thus, the court has federal question jurisdiction over the constitutional issue as well as supplemental jurisdiction over their state law claims.

The Rooker-Feldman doctrine prohibits federal district courts from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." <u>Exxon Mobil Corp. v. Saudi Basic Industries Corp.</u>, 544 U.S. 280, 284 (2005). This is precisely the type of case before this

---

[1] Referencing <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923) and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).

court.  Plaintiffs are directly attacking the validity of the Texas state-court judgment by asking this court to declare it null and void. "[F]ederal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." Lieftke v. State Bar of Texas, 18 F.3d 315, 317 (5th Cir.1994)(citations omitted). Additionally, "[c]onstitutional questions arising in state proceedings are to be resolved by the state courts. If the state court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court." Id. (citations omitted).

Because this court lacks subject matter jurisdiction, it cannot hear any of the claims that plaintiffs present.  This is not to say that plaintiffs' well pleaded claims are without merit, only that we cannot reach that question. Accordingly,

IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (Doc. 7) be GRANTED and plaintiffs' claims be DISMISSED without prejudice.

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither

required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this 25th day of June, 2015.

```
                          JAMES D. KIRK
                    UNITED STATES MAGISTRATE JUDGE
```