RECEIVED

SEP 2 7 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| MARCIA OLSON, NORMAN OLSON<br>AND NOSLO, LLC | DOCKET NO.: 1:14-cv-3464 |
| VERSUS | |
| BIOSONIX, LLC AND WILLIAM H. LEWIS | JUDGE DEE D. DRELL<br>MAG. JUDGE PEREZ-MONTES |

### R U L I N G

Before the court is a motion for partial summary judgment filed by the plaintiffs, Marcia Olson, Norman Olson and NOSLO, LLC (NOSLO), on February 13, 2016.  (Doc. 43).

#### Background

Prior to the filing of this lawsuit, Biosonix, an LLC wholly owned and operated by Lewis, filed a tort action in the 95th Judicial District Court in and for Dallas County, Texas against several parties, including Marcia Olson.  Thereafter, Biosonix filed a second action naming Norman Olson and NOSLO and claiming that the two lawsuits were related.  In the complaints, Biosonix alleged that Marcia Olson, Norman Olson and NOSLO had sufficient contacts with the State of Texas to satisfy jurisdiction, a claim all three denied.

Norman Olson and NOSLO retained Texas counsel who entered a special appearance on their behalf to decline the court's jurisdiction.  Marcia Olson, as she was entitled to do, decided not to appear, and instead risked entry of a default judgment knowing she could challenge the judgment on jurisdictional grounds in an enforcement proceeding in a Louisiana state court.

On May 27, 2013, the 95th Judicial District Court entered a default judgment against Marcia Olson in the amount of $5,183,260.68.  On several occasions thereafter, Biosonix sought to enforce the judgment in Louisiana.  Both times, the Ninth Judicial District Court in Rapides Parish

("Rapides District Court") made the judgment executory and placed a lien on the Olson's property by filing the judgment in the mortgage records of Rapides Parish.  Each time, Marcia Olson filed an opposition asserting that Biosonix was not authorized to do business in the state of Louisiana, and that the judgment was null and void and not entitled to full faith and credit because the Texas court lacked personal jurisdiction over her.

On December 17, 2014, while the Rapides District Court was assessing the validity of the Texas judgment, Marcia Olson, Norman Olson and NOSLO filed the instant lawsuit asking this court to issue a judgment declaring that Texas lacked personal jurisdiction and that the judgment was null and void.  Additionally, these plaintiffs asserted Louisiana state law claims seeking damages for malicious prosecution, defamation, denial of due process, conspiracy to deny due process and trespass on title and conversion.

On March 3, 2015, the Rapides District Court signed a Final Judgment granting Marcia Olson's motion to deny full faith and credit to the Texas judgment, cancelled the Texas judgment and ordered the Rapides Parish Clerk of Court to erase the judgment from public records of Rapides Parish.  Biosonix appealed the judgment and on February 10, 2016, the Louisiana Third Circuit Court of Appeal affirmed the lower court's judgment.  That judgment was then made final on April 22, 2016, when the Louisiana Supreme Court denied the defendants' application for a writ of certiorari.

<u>Law and Analysis</u>

In the present motion for partial summary judgment, the plaintiffs ask this court to declare "the Texas judgment in Civil Action No. 1209647 on the docket of the 95th Judicial District Court in and for Dallas County, Texas … null and void because it was rendered without personal jurisdiction for lack of minimum contacts."  The parties do not dispute that the aforementioned

ruling of the Louisiana state courts is a final judgment; therefore, we need not address the issue of personal jurisdiction.  What remains is whether this court should declare the Texas state judgment null and void pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201, 2202.

The defendants' opposition fails to address the applicability of the Declaratory Judgment Act.  Rather, they argue that the Rooker-Feldman doctrine applies to preclude this court from exercising jurisdiction.  As stated in prior rulings of this court, the Rooker-Feldman doctrine is inapplicable to this matter because the Texas state court claims against Ms. Olson were never "actually litigated".  A default judgment was rendered against Ms. Olson when she chose not to appear.

With no other viable defenses raised by the defendants[1], we look now to the merits of the plaintiffs' assertions that the court should exercise its powers pursuant to the Declaratory Judgment Act to declare the Texas judgment null and void.

The Declaratory Judgment Act provides in relevant part, "[i]n a case of actual controversy within its jurisdiction, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. §2201.  It has long been held that for a district court to entertain a prayer for declaratory relief pursuant to the Declaratory Judgment Act, an actual controversy must exist.  "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941),

---

[1] The defendants initially raised two other defenses, *res judicata* and personal jurisdiction.  The defendants withdrew their *res judicata* argument (Doc 61-2) and the finality of the Louisiana state court judgment finding Texas lacked personal jurisdiction over Marcia Olson rendered the personal jurisdiction argument moot.

citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239-242 (1937); Rowan Companies, Inc. v. Griffin, 876 F.2d 26, 27-28 (5th Cir.1989) (citations omitted).  Proving an actual controversy exists is the movant's burden of proof to establish by a preponderance of the evidence.  See State of Tex. V. West Pub. Co., 882 F.2d 171, 174 (5th Cir.1989)(citing Middle South Energy, Inc. v. City of New Orleans, 800 F.2d 488, 490 (5th Cir.1986).  See also Rollins v. Dwyer, 66 F.3d 141, 144 (5th Cir.1982).

Here, the plaintiffs allege the defendants violated the due process clause of the 14th Amendment when they "joined together to file pleadings in the State of Texas that included false allegations of contacts in order to support minimum contacts for the express purpose of obtaining a judgment against a person over whom the forum had no minimum contacts." (Doc. 1).  Plaintiffs further allege that "BSX obtained a judgment in excess of $5,000,000.00 against [Ms. Olson] in connection with those false allegations, and domesticated that judgment in the State of Louisiana twice, creating a mortgage on the home of [the Olsons].  That action constitutes damage based on a denial of due process, and a conversion of property rights of [the Olsons] through a patent denial of due process." (Id.).

Procedural due process guarantees are invoked when a state actor deprives an individual of protected life, liberty or property interests.  Therefore, for an actual controversy to exist between the parties in this case, the defendants must be alleged to be state actors.  No such allegations are made.  The Texas state court is the state actor as it made the finding to exercise personal jurisdiction over Ms. Olson and it possesses the power to execute the judgment should Ms. Olson purchase property, conduct business, and/or travel through Texas.

Without an actual controversy between the parties, the court has no basis to proceed under the Declaratory Judgment Act, and, there being no federal claim for adjudication, the court declines to exercise pendent jurisdiction over the accompanying state law claims.

Conclusion

Accordingly, the Plaintiffs' motion for partial summary judgment (Doc.43) will be **DENIED** and the federal question claims **DISMISSED** with prejudice.  Likewise, the Plaintiffs' state law claims will be **DISMISSED** without prejudice.

In light of the foregoing, the defendants' motion for summary judgment (Doc. 62) will be **DENIED** as moot.

**SIGNED** at Alexandria, Louisiana this 27 day of September, 2016.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT